[Civ. No. 6147.   Third Appellate District.—January 2, 1940.]

DEWITT T. MARSHALL, Respondent, v. GREAT WESTERN POWER COMPANY OF CALIFORNIA (a Corporation) et al., Appellants.

Thomas J. Straub, W. R. Dunn, Eustace Cullinan and Jerome D. Peters for Appellants.

Ware & Ware for Respondents.

THE COURT.—This is an action to recover damages arising out of alleged fraudulent representations made by defendants with respect to the sale of shares of stock. The issues were tried before the court, findings were duly entered in favor of plaintiff upon all of such issues, and judgment

was rendered against defendants in the sum of $1586.36. The appeal is taken from the judgment.

This case is companion to *Goodspeed et al.* v. *Great Western Power Co. et al.* (Civ. No. 6011), decided by this court on the 8th day of June, 1939 (33 Cal. App. (2d) 245 [91 Pac. (2d) 623, 92 Pac. (2d) 410]). It arises out of the same general situation, and presents the same issues, with the exceptions hereinafter noted. We refer to that opinion for a statement of facts. We also adhere to that opinion upon all questions expressly disposed of or necessarily involved therein. Only questions not raised in that case will receive our attention here.

The questions of the *right* of plaintiff to recover generally, upon substantially the same record, and the right to interest and damages are fully disposed of in the Goodspeed case mentioned above, with the sole exception of the contention here made that such recovery is barred by the statute of limitations. Since the argument of this cause and with the permission of the court, appellants have also filed a ''Statement of Constitutional grounds for not following the Goodspeed case'', in which case, however, that question was not presented for our consideration. The latter question is disposed of in the West case (mentioned later) and reference is made to that case for a more extended discussion.

It is the contention of appellants that the action is barred by the provisions of section 338, subdivision 4 of the Code of Civil Procedure, in that the evidence is insufficient to support the finding to the effect the discovery of the fraud upon the part of plaintiff was made within three years prior to the commencement of the action. The law relating to this matter is set forth in the opinion in the case of *West* v. *Great Western Power Co. et al.,* Civil No. 6145 (a companion case), filed this day (*ante,* p. 403 [97 Pac. (2d) 1014]), and it is unnecessary to discuss it further here. Most of the brief upon this question in this action is a reprint from the opening brief of appellants in the West case, but certain additional facts are relied upon here as constituting constructive notice of fraud, and we shall proceed to discuss them.

The findings in this case are substantially the same as those in the West case, and reference is made to that case for a full statement thereof. The court found here that the action

was not barred, as contended by appellants, by the provision of section 338, subdivision 4 of the Code of Civil Procedure. As in the West case, the action was commenced more than three years after the commission of the fraudulent acts. It is the contention of respondent that the findings referred to are supported by the record, and that the *discovery* of the fraud was made within three years prior to the commencement of the action.

In this case the record shows that when the matter of supplying water to respondent's lands was discussed, it appeared that it would be necessary to secure a right of way for an irrigation ditch from Dodge Land Company, the owner of the property which was traversed by the right of way. It was agreed that respondent should pay $500 for such right of way. When the stock purchase contract in question here was executed, it contained the following provision: "The sum of $500.00 has been paid on account of said stock, the receipt of which is hereby acknowledged." It is conceded that the $500 mentioned in the contract is the amount expended by respondent for the right of way. The trial court found that this sum was paid upon the purchase price of the stock, and that respondent was therefore entitled to recover it as part of that damage sustained. Appellants contend that the right of way became appurtenant to the property of respondent, and that they should not be charged with the amount. The evidence shows, that pursuant to the contract mentioned above, defendant Canal Company credited respondent with the payment of said sum upon his stock purchase contract. We are of the opinion that the evidence is sufficient to warrant a finding to the effect that this amount was in fact paid as part of the purchase price for the stock. The trial judge was also correct in allowing interest from the date of the credit, as respondent testified that he thought the amount was paid when the contract was executed, and the contract acknowledges receipt of the sum. This is sufficient to sustain a finding to the effect that the amount was paid upon the execution of the contract.

It is next contended that the trial court erred in the matter of holding that a payment of $440 made by respondent upon the stock purchase contract, should be applied to the principal due. They contend that it should have been

applied upon interest then due. They point out the terms of a chattel mortgage out of which said sum was realized, providing that any such sum should first be applied to interest due, and then upon the principal sum due on the stock purchase. It appears, however, that the interest was not due at the time. Furthermore, from appellants' own records the following notation appears: "November 17, 1928, payment on account (stock purchase contract) principal $440.63." The point is obviously without merit.

We are next concerned with effect of a cancellation of the stock purchase contract executed by both parties. This was done about one year from the date of its execution. It is contended by appellants that as the trial court did not specifically find in respect to the cancellation, reversible error was committed, and that said release stands now unimpaired, with the legal effect of estopping plaintiff from maintaining this action. The agreement reads as follows:

"KNOW ALL MEN BY THESE PRESENTS: That that certain contract to sell water, made and entered into by and between *WESTERN CANAL COMPANY,* a corporation, and *DeWITT T. MARSHALL,* a single man, dated March 13th, 1928, and recorded May 14th, 1938, in Book 1 of Official Records, at page 427, Records of Glenn County, California, and which said contract is made appurtenant to the following land situate, lying and being in Glenn County, California, and particularly described as follows, to-wit: Lots One (1) and Two (2) of the Northeast quarter and Southeast quarter of Northeast quarter of Section Three (3), Township Nineteen (19) North, Range 1 West, M. D. B. & M. containing 99.01 acres according to the United States Surveys. Also the Southeast quarter, the East half of the Southwest quarter and Lot Three (3) of the Northwest quarter of Section Three (3) Township Nineteen (19) North, Range 1 West, M. D. B. & M., and containing 269.17 acres. Also Lots Three (3) and Four (4) and the South half of the Northwest quarter of Section Two (2), Township Nineteen (19) North, Range 1 West, M. D. B. & M., is herewith and hereby cancelled, abrogated and declared null and void by the mutual consent of the parties hereto.

"It is specifically understood and agreed, however, that all the monies paid to *WESTERN CANAL COMPANY,* under

and pursuant to the terms of said contract, belong to said corporation, and the said *DeWITT T. MARSHALL* expressly waives and relinquishes any and all claims thereto, and that said *WESTERN CANAL COMPANY* is released and relieved from all the obligations of said contract on its part to be kept and performed, and the lands hereinbefore described are released from the burden, lien or effect of said contract to all intents and purposes as if said contract had never been entered into.

"*IN WITNESS WHEREOF* the *WESTERN CANAL COMPANY*, a corporation, has caused these presents to be executed on its behalf, and its corporate seal to be hereunto affixed, and the said *DeWITT T. MARSHALL* has hereunto set his hand and seal this 2nd day of April A. D. 1929.

"WESTERN CANAL COMPANY
"By W. H. SPAULDING, President.
"Attest: CHAFFEE E. HALL,
"Secretary.
"DeWITT T. MARSHALL."

As to the asserted lack of a finding upon the effect of such an agreement, we believe that appellants are mistaken. The rule is that findings must be construed in a manner to uphold the judgment, rather than to vitiate it. The following general finding very definitely states that plaintiff never relinquished his cause of action;

"That plaintiff never received anything of value whatever because of the making of or under or pursuant to said contract for the purchase of capital stock in said Canal Company, as aforesaid, and all of the payments that were made by him pursuant to the terms of said contract, as hereinbefore found, were made without any consideration whatever, and said contract was at all times from and after its purported execution, and ever since has been, and now is, wholly void and of no worth or value whatever; *that plaintiff never assigned, sold, transferred, waived, relinquished or surrendered the claim and cause of action upon which this suit is based, and never transferred, waived or relinquished the right or claim to recover because of the sums of money paid by him to defendants upon said void stock contract.*" (Findings, paragraph XI, first 16 lines.)

And again, among the conclusions of law:

"That plaintiff never assigned, sold, transferred, waived, relinquished or surrendered the claim and cause of action upon which this suit is based and never transferred, waived or relinquished the right or claim to recover because of the sums of money paid by him to defendants upon said void stock contract, and is the owner and holder of said claim and cause of action." (Conclusions of Law, paragraph IX.)

As the original stock purchase contract was void, we are of the opinion that there was no consideration for the release, and that appellants were not entitled to retain any amount whatever paid to them under the void contract of stock purchase. As stated in *Shortell* v. *Evans-Ferguson Corp.*, 98 Cal. App. 650 [277 Pac. 519], where the factual structure is very similar to this case:

"Release from, or cancellation of, an illegal or void contract can never be a valid consideration, since the party 'released' has neither been accorded a right which he did not already possess, nor excused from the performance of any act which he could have been compelled to perform."

It is finally contended that the action is barred by the provisions of section 338, subdivision 4 of the Code of Civil Procedure. This action was more than three years after the commission of the fraudulent acts of defendants, but respondent contends that he did not discover such fraud until a date which was within three years preceding the commencement of the action. The findings on this issue are substantially the same as in the West case, *ante*, p. 403, and the same question as to the sufficiency of the evidence to support such findings is involved here. Our legal conclusions applicable to this case, and upon that question are fully set forth in the West case, and it is unnecessary to repeat them here. The only matter left for consideration is additional facts which it is urged constituted constructive notice of fraud, and which were known to respondent within three years after the commission of the fraud by appellants.

It is contended that special concessions were made to respondent by the Canal Company, and that he knew that stock was sold at various prices to water-users. He denied that these facts raised any suspicion in his mind as to the true corporate character of the Canal Company, and testified that nothing was brought to his attention which would lead

him to believe that the Canal Company was not, in truth and in fact, a mutual water company. It is urged by appellants that one seeking to come within the exception mentioned in subdivision 4 of section 338 of the Code of Civil Procedure must prove facts from which the court could conclude that he came within it. That is a correct statement of the law. This burden, however, is simply one of detailing all the facts connected with the transaction. If there is nothing in those facts which would place upon respondent the imperative duty of making further inquiry, the trial court may justly and properly find that the bar of the statute of limitations cannot be invoked. In a sense, it involves proof of a negative—that respondent did not have constructive knowledge. His own denial of such notice may not be sufficient, but when all the surrounding facts and circumstances, as here, are fully proven, there is nothing more that respondent can be called upon to do. It then becomes a question of fact for the trial court. Facts which in one case would constitute such notice, may not be sufficient in another, due to varying surrounding conditions and circumstances. It is only where such notice appears to be established as a matter of law that an appellate court can interfere with a finding of this character. We cannot say here that there was no substantial evidence to support the finding under attack. The facts mentioned above might excite the suspicion of an interested party, but we cannot say that they, as a matter of law, would compel him to make further inquiry as to the true corporate character of defendant Canal Company. It is a very simple matter now to look back, *after* it has been decided that the fraud was committed, and point out certain facts which indicated the fraudulent nature of defendants' conduct, but it is a different matter *prior* to that time to say that this act or that act was a badge of fraud. This is particularly true as in this case, when the *indicia* of fraud are numerous. The combination of many facts and circumstances, brought home to the party sought to be charged with notice, might constitute notice, but an isolated fact or two may be altogether without any fraudulent implications. Such is the nature of the fraud here.

Upon the authority of the Goodspeed and West cases, *supra*, and this opinion, it is ordered that the judgment be, and it is,

hereby reversed, and that the cause be remanded for retrial upon the sole issue of the amount of damages due in accordance with the views expressed, each party to pay his own costs on appeal.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 1, 1940, and the judgment was modified to provide that each party to pay his own costs on appeal.

A petition for rehearing or modification after modification of judgment was denied by the District Court of Appeal on March 2, 1940, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 29, 1940.