[Civ. No. 6143.   Third Appellate District.—January 2, 1940.]

CHRISTINE RAYNSFORD, as Executrix, etc., et al., Plaintiffs and Appellants, v. GREAT WESTERN POWER COMPANY OF CALIFORNIA (a Corporation) et al., Defendants and Appellants.

Thomas J. Straub, W. R. Dunn, Eustace Cullinan and Jerome D. Peters for Defendants and Appellants.

Ware & Ware for Plaintiffs and Appellants.

THE COURT.—This is an action to recover damages arising out of alleged fraudulent representations made by defendants with respect to the sale of shares of stock. The issues were tried before the court, findings were duly entered in favor of plaintiffs upon all of such issues, and judgment was rendered against defendants in the sum of $1470. The appeal is taken from the judgment.

Plaintiffs also appeal from "that part and portion of said judgment in which the trial court found, determined and adjudged that plaintiffs were not entitled to recover interest from defendants on interest payments, from the respective dates of payment, paid by plaintiffs and received by defendants on account of the purported purchase of stock of defendant Western Canal Company".

This case is companion to *Goodspeed et al.* v. *Great Western Power Co. et al.* (Civ. No. 6011), decided by this court on the 8th day of June, 1939 (33 Cal. App. (2d) 245 [91 Pac. (2d) 623, 92 Pac. (2d) 410]). It arises out of the same general situation, and presents the same issues, with the exceptions hereinafter noted. We refer to that opinion for a statement of facts. We also adhere to that opinion upon all questions expressly disposed of or necessarily involved therein. Only questions not raised in that case will receive our attention here.

The questions of the *right* of plaintiffs to recover generally upon substantially the same record, and the right to interest and damages, are fully disposed of in the Goodspeed case mentioned above, with the sole exception of the contention here made that such recovery is barred by the statute of limitations. Since the argument of this cause, and with the permission of the court, defendants have also filed a "statement of constitutional grounds for not following the Goodspeed case", in which case, however, that question was not presented for our consideration. The latter question is disposed of in the West case (Civ. No. 6145) (*ante,* p. 403), and reference is made to that case for an extended discussion.

It is the contention of defendants that the action is barred by the provisions of section 338, subdivision 4 of the Code of Civil Procedure, in that the evidence is insufficient to sup-

port the finding to the effect that the *discovery* of the fraud upon the part of plaintiffs was made within three years prior to the commencement of the action. The law relating to this matter is set forth in the opinion in the case of *West* v. *Great Western Power Co. et al.* (Civ. No. 6145) (*ante*, p. 403 [97 Pac. (2d) 1014), a companion case filed this day, and it is unnecessary to discuss it further here. Most of the brief upon this question in this action is a reprint from the opening brief of appellants in the West case, but certain additional facts are relied upon here as constituting constructive notice of fraud, and we shall proceed to discuss them.

The findings in this case are substantially the same as those in the West case, and reference is made to that case for a full statement thereof. The court found here that the action was not barred, as contended by defendants, by the provisions of section 338, subdivision 4 of the Code of Civil Procedure. As in the West case, the action was commenced more than three years prior to the commission of the fraudulent acts. It is the contention of plaintiffs that the findings referred to are supported by the record, and that the *discovery* of the fraud was made within three years prior to the commencement of the action.

It is contended that plaintiffs received more water from defendant Canal Company than their entitlement, and that this charged them with knowledge of the fact that said company was in fact a utility and not a mutual water company. Other facts relied upon to prove constructive knowledge are identical with those stated in the West case. Under the rules laid down in the West case and the case of *Marshall* v. *Great Western Power Co. et al.* (Civ. No. 6147), decided on this date (*ante*, p. 422 [97 Pac. (2d) 1025]), we are of the opinion that such facts do not establish constructive notice as a matter of law, and that there is ample evidence to support the findings under attack, which were adverse to defendants on the question of the statute of limitations.

The appeal of plaintiffs is based upon the contention that the trial court should have allowed them interest upon interest payments made on the fraudulent contracts. That question was fully disposed of in their favor in the Goodspeed case.

Upon the authority of the cases mentioned, it is ordered that the judgment be, and it is, hereby reversed, and that the cause be remanded for retrial upon the sole issue of the amount of damages due in accordance with the views expressed, each party to pay his own costs on appeal.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 1, 1940, and an application by defendants and appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 29, 1940.